FILED

2012 Apr-30 PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

IN RE:

JEFFERSON COUNTY, ALABAMA          BANKRUPTCY COURT CASE
                                           NO.: 11-05736-TBB

       DEBTOR.

_____

PATRICIA WORKING, RICK ERDEMIR,
and FLOYD MCGINNIS,

       APPELLANTS,

v.                                         CASE NO.: CV-12-J-787-S

JEFFERSON COUNTY, ALABAMA,

       APPELLEE.

## <u>MEMORANDUM OPINION</u>

This matter is before the court as an appeal from the Bankruptcy Court, pursuant to 28 U.S.C. § 158. The parties have filed appellate briefs, which the court has reviewed. The court finds, in accordance in Fed.R.Bankr.P. 8012, that the facts and legal arguments are adequately presented in the briefs and record and the decisional process will not be significantly aided by oral argument.

**Factual Background**

The facts of this appeal are not in dispute.  It arises from a claim for attorneys fees based on a successful state court lawsuit brought by the appellants.[1]  After that litigation was concluded, the issue of mediation of the attorneys' fees was appealed to the Alabama Supreme Court, which ordered that such mediation was mandatory under state law, but also recognized that issues of sovereign immunity were involved, which were required to be resolved by the circuit court in the first instance.  *See Working v. Jefferson County Election Commission*, 72 So.3d 18 (Ala.2011).

Thereafter, Jefferson County, Alabama filed for bankruptcy protection, and the appellants were included as potential creditors who received notice of the automatic stay entered pursuant to 11 U.S.C. § 362 and 11 U.S.C. § 922.  While the appellants seek to collect such fees from a variety of sources, none of those sources include the appellee, Jefferson County, Alabama.  In fact, the appellant asserts "Jefferson County

---

[1]As stated by the Alabama Supreme Court:

Patricia Working, Rick Erdemir, and Floyd McGinnis ("the Working plaintiffs") appeal from an order of the Jefferson Circuit Court denying their motion seeking an award of attorney fees and expenses following the conclusion of their legal action against the Jefferson County Election Commission and its members in their official capacities, namely, Probate Judge Alan King, Circuit Clerk Anne Marie Adams, and Jefferson County Sheriff Mike Hale (hereinafter collectively referred to as "the JCEC"). We vacate the order and remand with directions.

*Working v. Jefferson County Election Comm'n,* 72 So.3d 18, 19 (Ala.2011).

2

itself is not a party to the proceedings in which fees are sought, and denies it has any liability for the fees" (doc. 6 at 9).  The appellee responds that it "has no stake in the relief Appellants seek against the JCEC and its members, none of whom are parties to this appeal" (doc. 9 at 6).

Despite such assertions, the appellants filed an objection to the automatic stay in bankruptcy court, alleging that the stay should not extend to non-debtors.  After argument, the bankruptcy court entered an order which stated that the appellants could proceed in their attempts to collect attorney fees from non-County funds, but could not attempt to collect such fees from County funds.   This appeal followed.

In their argument, the appellants assert the automatic stay operates only against the debtor, and that the appellants' underlying suit "does not reflect a claim against the debtor Jefferson County" (doc. 6 at 10).  The appellants further assert that the non-debtors from whom they seek to recover attorney fees are the Sheriff of Jefferson County, Mike Hale; Jefferson County Probate Judge Alan King; and Jefferson County Circuit Clerk Anne-Marie Adams (whom together comprise the Jefferson County Election Commission).  The appellants assert that the sheriff is a State official, and not a county employee; that the Circuit Clerk is not an agent of the county and not paid by the county; and lastly that the probate judge, as election administrator, is not an agent of the county (doc. 6 at 11-13).  Thus, "[l]iability against the Sheriff or the

3

other members of the JCEC for their wrongs are not obligations of Jefferson County .... In sum, these claims are not asserted against Jefferson County, and the stay of § 362 and § 922 has no application...." (doc. 6 at 13).

The appellants complain that the Bankruptcy Court Order, allowing the appellants to proceed against non-county funds was too limiting, as it specified that appellants could proceed with their action and collect from the State of Alabama on a judgment entered in their favor. However, any attempt to collect funds from the county, the county commission or the county as a political subdivision of the state remained stayed. *See* Order on Stay Motions, dated January 24, 2012 (submitted as attachment 1). This appeal followed ten days later (doc. 1-19). While the appellants complain that the language used by the Bankruptcy Court is too narrow, there is no evidence that they sought any relief from this order in the Bankruptcy Court itself, nor any evidence that they have pending claims against the non-debtors.

According to the appellants, the particular wording employed by the Bankruptcy Judge limited their ability to collect attorneys fees from the Sheriff, the Probate Judge, and the Circuit Clerk. *See e.g.*, doc. 6 at 15. The appellants do not discuss the language in the Bankruptcy Order that comes after the paragraph about which they complain. However, that Order continued with the statement that

4

> Notwithstanding any other term or provision of this Order, any act to liquidate, assert, assess, recover or collect a claim from the County, the County Commission ... or its Commissioners ..., including, without limitation, the County as a political subdivision of the State of Alabama, hereby remain stayed.  Without limitation of the foregoing, the stay applies to any efforts by ... the Working Parties to liquidate, assert, assess, recover or collect a claim with respect to any funds or other property of the County, including, without limitation, funds derived from or allocated or budgeted by the County to Sheriff Hale, the Jefferson County Election Commission ... or the constituent members of the JCEC in their official capacities, under applicable State law.

Order on Stay Motions, dated January 24, 2012, at 3.

The appellants seek reversal of this order so that they may proceed to mediation on the issue of attorney fees and, assuming a decision in their favor, may collect on the same from funds of the Sheriff, the Probate Judge, and/or the Circuit Clerk not appropriated by Jefferson County.  *See* doc. 6 at 20.

The appellee responds the Bankruptcy Order should be affirmed because there is no remaining dispute between the appellants and the county.  Rather, the county cares only that any judgment obtained by the appellants on the issue of attorney fees is not executed against funds held or controlled by the county.  *See* doc. 9 at 6.  The appellee notes that it has no position and no interest in whether the appellants eventually recover any attorney fees from the Jefferson County Election Commission.

In their reply, the appellants asserts that "there is no dispute that Jefferson County is not a party to *Working* case, and Jefferson County is not bound by any

judgment to pay the attorneys fees that may be entered against the Election Commission officials" (doc. 10 at 4).

Although less than clear, the plaintiff phrases the issues before this court to include:

(1) Does the stay imposed by 11 U.S.C. § 362 and § 922 apply to the mediation with Jefferson County- based State officials, who are not agents of the debtor?[2] and,

(2) Did the bankruptcy judge improperly limit stay relief for attorney fee mediation?

### Standard of Review

This court functions as an appellate court for the decisions of the United States Bankruptcy Courts. *In re Sublett,* 895 F.2d 1381, 1383 (11th Cir.1990).  This court reviews the Bankruptcy court's findings of fact under the clearly erroneous standard of review and conclusions of law under the de novo standard of review.  *Whiting-Turner Contracting Co. v. Electric Machinery Enterprises, Inc*., 2006 WL 1679357, *1 (M.D.Fla.2006). De novo review requires the court to make a judgment

---

[2]Although the appellant repeatedly refers to the mediation as "Alabama Supreme Court-ordered mediation," the Alabama Supreme Court merely said that the trial judge was wrong not to require the parties to hold the same because, under state law, when such mediation is requested by one party, a trial court is obligated to send the parties to the same.  This is a far different question than that actually before the court, that being whether the appellants can recover a money judgment from the Jefferson County Election Commission, should they prevail on the issue fo attorney fees.

"independent of the bankruptcy court's, without deference to that court's analysis and conclusions." *In re Sternberg*, 229 B.R. 238, 244 (S.D.Fla.1998); citing *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir.1984).   The proper construction of the Bankruptcy Code by the bankruptcy court or by the district court is a matter of law; accordingly, such interpretations are subject to de novo review. *In re Colortex Industries, Inc.*, 19 F.3d 1371, 1374 (11th Cir.1994); *In re Taylor*, 3 F.3d 1512, 1514 (11th Cir.1993).

## Legal Analysis

As stated above, the issue before the court concerns the wording placed in an Order of the Bankruptcy Court and whether the same was error.   The Bankruptcy Judge repeatedly stated at the hearing that he did not have the facts before him to determine anything more than a claim against the state could proceed, but neither direct nor indirect claims against the county could proceed.   *See* attachment 21 to Notice of Appeal, at 36-37.   The court added that "[i]f you can demonstrate that the monies don't come from the County effectively, maybe they will consider something. I don't know." *Id.*, at 38.   The County stated that if it was not county money, the stay did not apply, but it was not prepared to reach this conclusion definitely, based on facts. *Id.* at 39.

Therein lies the issue for this court.  The appellants sought a ruling in bankruptcy court that the automatic stay did not impact their ability to both proceed against the Jefferson County Election Commission as a whole and the three individuals who comprise that Commission, in their official capacity.   The Bankruptcy Court held that the mediation and any subsequent judgment could proceed against these individuals to the extent that the money would originate from the state.  The court held such claims could not proceed against the individuals to the extent that such claims would be paid from county finds, directly or indirectly.

In other words, the bankruptcy court stated that to the extent the funding to pay a judgment against the Jefferson County Election Commission would be the responsibility of the state, the automatic stay did not apply to those claims.  However, if the county would be liable on the claims, the stay remained in effect.  Most importantly, the bankruptcy court stated during its hearing that it lacked any factual basis to make a determination on this issue.

As the Supreme Court of the United States said, in *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), "... (a) final judgment must generally be one which ends litigation and leaves nothing for the Court to do but execute the judgment."  This court finds no final judgment before it to review.  Appellants do not seek reversal of the Bankruptcy Court Order, but rather modification of it.  *See e.g.,*

doc. 6 at 14-15 (suggesting additional language the appellants seek to have added to the Order from which they appeal).  Rather, the bankruptcy judge allowed the parties to proceed with claims against the state, but stated he could not rule on claims against the county without some factual development.  All the bankruptcy court has ruled is that the appellants' claims could proceed against state funds and could not proceed against county funds.

This is a separate question from whether the appellants can proceed against the Sheriff, Circuit Clerk and Probate Judge.  The Court did not address that issue at all. The appellants seem to assert that they wish to proceed against non-county funds of the Sheriff, Circuit Clerk and Probate Judge, but have failed to argue whether those funds are county fund, state funds, or wholly distinct funds from the above.  In fact, the bankruptcy judge questioned this and told appellants' counsel "[i]f you want to try to work out some agreement on that, I will let you do that ....  If you can demonstrate that the monies don't come from the County effectively, maybe they will consider something.  I don't know."  Attachment 21 to Notice of Appeal, at 37-38. That conversation continued:

> THE COURT: No, not that you agree to it but that you would discuss and let him demonstrate where the monies might come from.
>
> MR. DARBY: If it's not our money, then we are not going to object to the payment but, if it is not our money, it belongs to the sheriff

or whoever it belongs to.  That is who he needs to be talked to.  We can't –

THE COURT: That's my point.... I don't care if you want to talk to the sheriff and establish that the monies are from some separate source.

MR. JORDAN: Thank you very much.

THE COURT: All right.  But to the extent you try to execute against monies and they turn out to be monies that are County monies or sourced from the County... I can't do it.  I am not going to let you do it.

.... For purposes of today, with respect to the County, the stay is not modified, and you can work on some agreement if you want to with the residual defendants that isn't [in]consistent with not invoking claims against the County.

.... What we are going to do is we will have an order entered that basically says that your motion is denied with respect to the County without prejudice to your right to go forward and seek to recover from sources that don't involve monies obtained from the County or County property any monies you might be owed.

MR. JORDAN: Thank you.

*Id.*, 39-40.

The appellants seek to have this court conform the Order actually entered by the bankruptcy court to the statement of the Bankruptcy Judge in the courtroom and to modify the stay to include the Election Commission defendants, to the extent allowed by non-bankruptcy laws.  Of course, suits against individuals not in

bankruptcy are not subject to bankruptcy laws and there is no need to modify the automatic stay to laet such a claim proceed.

It is well established that "the district court in reviewing the decision of a bankruptcy court functions as an appellate court." *In re Colortex Industries, Inc*., 19 F.3d 1371, 1374 (11th Cir.1994). The district court is not authorized to make independent factual findings. *In re Lett*, 632 F.3d 1216, 1225 (11th Cir.2011). Ordinarily an appellate court does not give consideration to issues not raised below." *Hormel v. Helvering*, 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941).

The Sheriff of Jefferson County, Alabama, the Probate Judge of Jefferson County, Alabama, and the Circuit Clerk of Jefferson County, Alabama, as the Jefferson County Election Commission, are not parties to this appeal. As far as this court is aware, they have not sought bankruptcy protection, and they have not made any assertions regarding whether respective funds controlled by them are county funds.

As another District Court has noted

It is within this Court's discretion to resolve an issue not decided in the Bankruptcy Court if the record thoroughly presents the issue. *In re Air Conditioning, Inc. of Stuart*, 845 F.2d 293, 299 (11th Cir.1988) (citing Pizza of Hawaii ); *In re Kenitra, Inc*., 64 B.R. 841, 842 (Bankr. 9th Cir.1986). In contrast, if the record reflects an issue was presented in a cursory manner and never properly presented to the Bankruptcy Court, the issue is not preserved for appeal. *In re Espino*, 806 F.2d 1001, 1002

(11th Cir.1986); accord *Air Conditioning, Inc.*, 845 F.2d at 299; *In re Runyan*, 832 F.2d 58, 60 (5th Cir.1987); *Johnson v. Fairco Corp.*, 61 B.R. 317, 320 (N.D.Ill.1986). In other words, it is not enough that the record provides facts which may permit the resolution of an issue; rather, the record must be adequately developed, to the point that the Bankruptcy Court could have passed on the issue, even though that court declined to do so.

*In re Monetary Group,* 91 B.R. 138, 140 (M.D.Fla.1988).

District courts cannot make independent findings of fact on appeal. *See JP Morgan Chase Bank v. ELL 11, LLC*, 414 B.R. 881 (M.D.Ga.2008) (in bankruptcy appeal context, "district court is not authorized to make independent findings of fact"). Additionally, if "the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings." *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir.1993); citing *In re Cornelison*, 901 F.2d 1073, 1075 (11th Cir.1990); and *In re Sublett*, 895 F.2d 1381, 1384 (11th Cir.1990).

In this case, the control over the funds in question is outcome determinative because if such funds are not within the province of the appellee, they are not within the bankruptcy stay. All the bankruptcy judge has stated is that "If you can demonstrate that the monies don't come from the County effectively, maybe they will consider something. I don't know." Attachment 21 to Notice of Appeal, at 37-38. Given the lack of factual development in the bankruptcy court, there is nothing

12

properly on appeal before this court.   See e.g., *In re Espino*, 806 F.2d 1001, 1002 (11th Cir.1986)("if the record reflects an issue was presented in a cursory manner and never properly presented to the Bankruptcy Court, the issue is not preserved for appeal").

**Conclusion**

Having considered the foregoing, and finding nothing on appeal appropriate for this court to affirm or reverse the bankruptcy court, it is therefore **ORDERED** that the appeal is **DISMISSED** for lack of justiciability and this case is **CLOSED**.

**DONE** and **ORDERED** this the 30th day of April, 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE